1

2

3

4

5

6

7

**IN THE UNITED STATES DISTICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON**

8

9

10

11

THOMAS LEE EVANS,

                    Plaintiff,

        v.

12

13

14

15

16

17

18

19

20

21

22

23

24

BRIAN HEIMANN, a Pierce County Deputy
Sheriff, and JANE DOE WIFE, and the
marital community comprised thereof; BILL
FOSTER, a Pierce County Deputy Sheriff, ,
and JANE DOE WIFE, and the marital
community comprised thereof; PETE
TURNER, a Pierce County Deputy Sheriff, in
his individual and official capacity and JANE
DOE WIFE, and the marital community
comprised thereof; MARTIN ZURFLUH, a
Pierce County Deputy Sheriff, and JANE DOE
WIFE, and the marital community comprised
thereof; PAUL PASTOR, Sheriff of Pierce
County, and JANE DOE WIFE, and the
marital community comprised thereof; ROB
MESKO, Undersheriff of Pierce County, and
JANE DOE WIFE, and the marital community
comprised thereof; SEARCH OFFICER NO.
00062, Pierce County Jail Correctional
Officer, and JANE DOE WIFE, and the
marital community comprised thereof;
PROPERTY OFFICER NO. 00061, Pierce
County Jail Correctional Officer and JANE
DOE WIFE, and the marital community

No.

COMMPLAINT

*With Jury Demand*

25

26

COMPLAINT  - Page 1

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

comprised thereof; C. COLLINS, Pierce County Jail Correctional Officer, and JANE DOE WIFE, and the marital community comprised thereof; J. BLIND, Pierce County Jail Correctional Officer, and JANE DOE WIFE, and the marital community comprised thereof; JOHN DOE, Pierce County Jail Correctional Officer, and JANE DOE WIFE, and the marital community comprised thereof; PATTI JACKSON-KIDDER, Chief of Corrections, and JOHN DOE HUSBAND, and the marital community comprised thereof; JAIL BOOKING NURSE and JOHN DOE HUSBAND, and the marital community comprised thereof; J. DOE JAIL MEDICAL STAFF, and J. DOE SPOUSE, and the marital community comprised thereof; MIGUEL BALDERRAMA, M.D., Medical Director of the Pierce County Jail in his and JANE DOE WIFE, and the marital community comprised thereof; and PIERCE COUNTY, a municipal corporation,

                    Defendants.

COMES NOW the plaintiff, Thomas Evans, through his attorneys of record, Kannin Law Firm P.S., and hereby presents the following claims:

**JURISDICTION**

1.

Jurisdiction is founded upon the existence of a federal question.

2.

This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983).

3.

COMPLAINT  - Page 2

1    Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(3) and (4).

2

3                                          4.

4    Venue is proper in the United States District Court of the Western District of Washington

5    because the acts or omissions which for the basis of the Plaintiff's claims occurred in Pierce County,

6    Washington and the defendants reside in Washington State

7

8                                          5.

9    At all times relevant to this complaint, Plaintiff was an individual residing in Pierce

10   County, Washington.

                                           6.

11   At all times referred to herein, Defendant PAUL PASTOR, Pierce County Sheriff was

12   employed by Defendant Pierce County and its Sheriff's Department as the sheriff of Pierce

13   County, and is believed to have been the supervising and commanding officer of Defendant ROB

14   MESKO, Pierce County Undersheriff; Defendant PATTI JACKSON-KIDDER, Chief of Pierce

15   County Corrections; Defendant, MIGUEL BALDERRAMA, M.D., Medical Director of the

16   Pierce County Jail; J. DOE JAIL MEDICAL STAFF, Pierce County Jail Medical Staff,

17   Defendant C. COLLINS, Pierce County Jail Correctional Officer, Defendant  J. BLIND, Pierce

18   County Jail Correctional Officer, Defendant SEARCH OFFICER NO. 00062, Pierce County Jail

19   Correctional Officer, Defendant PROPERTY OFFICER NO. 00061, Pierce County Jail

20   Correctional Officer, Defendant BRIAN HEIMANN, Pierce County Deputy Sheriff, Defendant

21   BILL FOSTER, Piece County Deputy Sheriff, and Defendant PETE TURNER,  Pierce County

22   Deputy Sheriff, and Defendant MARTIN ZURFLUH, Pierce County Deputy Sheriff.

23                                         7.

24   At all times referred to herein, Defendant ROB MESKO, Undersheriff was employed by

25
     COMPLAINT  - Page 3
26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

1  Pierce County and its Sheriff's Department as the Undersheriff and is believed to have been the

2  supervising and commanding officer of Defendant PATTI JACKSON-KIDDER, Chief of Pierce

3  County Corrections. At all times referred to herein, Defendant PATTI JACKSON-KIDDER,

4  Chief of Corrections, was employed by Pierce County and its Sheriff's Department as the Chief

5  of Pierce County Corrections and is believed to have been the supervising and commanding

6  officer of Defendant PROPERTY OFFICER NO. 00061 and Defendant SEARCH OFFICER

7  NO. 00062, C. COLLINS, Pierce County Jail Correctional Officer, and J. BLIND, Pierce County

8  Jail Correctional Officer, all of whom were employed by Pierce County.

9

10                                          8.

11         At all times referred to herein, Defendant PATTI JACKSON-KIDDER, Chief of

12  Corrections, was employed by Pierce County and its Sheriff's Department as the Chief of Pierce

13  County Corrections and is believed to have been the supervising and commanding officer of

14  Defendant MIGUEL BALDERRAMA, M.D., Medical Director of the Pierce County Jail and

15  Defendant J. DOE JAIL MEDICAL STAFF. At all times referred to herein, Defendant MIGUEL

16  BALDERRAMA, M.D., Medical Director of Pierce County Jail, was employed by Pierce

17  County and its Sheriff's Department as the Pierce County Jail Medical Director and is believed

18  to have been the supervising chief physician of J. DOE JAIL MEDICAL STAFF, Pierce County

19  Medical Staff.

20                                          9.

21         Plaintiff sues all individual defendant deputies, correctional officers, Dr Balderrama, and

22  jail medical staff in their individual capacities and sues the supervisory/municipal defendants

23  Pastor, Mesko, Jackson-Kidder, and Balderama M.D. in their individual and official capacities.

24  At all times relevant to this complaint the defendants were acting within the scope of their

25  employment for defendant Pierce County and along with defendant municipal corporation Pierce

26  COMPLAINT  - Page 4

County were acting under color of law.

### **FACTS**

10.

On June 15, 2015, Plaintiff Evans was at his home, 2407 302nd St. Ct. S., Roy, in Pierce County. His wife, Leslie Evans, was with him at the family home. On June 15, 2015, early in the evening Defendant Pierce County Sheriff deputies BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH arrived at Plaintiff EVANS' home. Shortly after arriving, the Defendant deputies handcuffed and arrested Plaintiff EVANS. While loading Plaintiff Evans into the Defendant Pierce County's motor vehicle, the Defendant deputies caused Plaintiff Evans to hit his head on the Deputies' vehicle's door. Next Defendant deputies BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH loaded Plaintiff EVANS into their police vehicle and drove to the Pierce County Jail.

11.

Prior to June 15, 2015 Plaintiff Evans' physicians had diagnosed him as suffering from Atrial-Fibrillation (A Fib). A Fib is a quivering or irregular heartbeat (arrhythmia) that can lead to blood clots, stroke, heart failure and other heart-related complications. The Pierce County Defendants' acts and failures to act on June 15, 2015 and subsequent days worsened and exacerbated Plaintiff Evans A Fib.

12.

Prior to June 15, 2015 Evans' physicians had diagnosed him as suffering from type 2 Diabetes. Diabetes is a disease in which your blood glucose, or blood sugar, levels are too high. The Pierce County Defendants' acts and failures to act on June 15, 2015 and subsequent days

COMPLAINT   - Page 5

worsened and exacerbated Plaintiff Evans' Diabetes.

13.

Defendant deputies BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH caused Plaintiff EVANS to be booked into the Pierce County Jail. At the jail, Plaintiff Evans reported that his head hurt. Defendant J. DOE JAIL MEDICAL STAFF is believed to have reviewed Plaintiff Evans' booking into the Pierce County Jail and approved Plaintiff Evans to be kept at the jail without adequate medical screening and without being examined by medical doctors or taken to a hospital.  When plaintiff was a prisoner at the Pierce County jail he was not allowed to take his prescription medicines or have access to medicine for his previously diagnosed illnesses and medical conditions.

14.

At the Pierce County Jail Plaintiff EVANS' condition and illnesses worsened ill while he was incarcerated in the Pierce County Jail. Plaintiff made multiple requests for help and/or asked for medical attention and to be seen by a physician. Pierce County Jail personnel, including defendants J. DOE JAIL MEDICAL STAFF, Defendant PROPERTY OFFICER NO. 00061, Defendant SEARCH OFFICER NO. 00062, Defendant C. COLLINS, correctional officer, and Defendant J. BLIND, correctional officer, heard Plaintiff's requests and ignored him.  Plaintiff EVANS lost consciousness in his jail cell at the Pierce County Jail. None of the defendants assisted Plaintiff. Plaintiff was eventually released from the Pierce County Jail on June 18, 2015.

15.

Plaintiff EVANS was picked up from the Pierce County Jail by his wife. Plaintiff Evans' condition and illnesses worsened. On the morning of June 19, 2015 Plaintiff's wife drove Plaintiff Evans to the Emergency Department at the CHI Franciscan Health St. Joseph's Medical Center in Tacoma, Washington. St. Joseph's Medical Center Doctors and medical staff treated

COMPLAINT  - Page 6

Plaintiff EVANS for the injuries caused by the defendants. Evans's physicians diagnosed him as having suffered a blood clot in his brain/cerebellum caused by a blow/blunt force trauma to Plaintiff Evans' head. As a further result of the head trauma Plaintiff Evans suffered a stroke. Plaintiff EVANS was admitted to and remained a patient at the St. Joseph's hospital where he was treated for his injuries. Plaintiffs' physicians kept Evans under observation as he recovered from injuries and illnesses. Plaintiff EVANS was discharged from the St. Joseph's Medical Center hospital on or about June 29, 2015.

16.

After Plaintiff EVANS was discharged from the hospital. Plaintiff's physicians continued to provide medical treatment to Plaintiff for the injuries caused by the Defendants. Plaintiff's physicians also diagnosed Evans' atrial fibrillation that was worsened and lit up as a direct result of the Defendants' acts and failures to act. Plaintiff Evans underwent a painful course of physical therapy that caused him to further suffer as a direct result of the Defendants' acts and failures to act. Plaintiff Evans underwent speech therapy that caused him to further suffer as a direct result of the Defendants' acts and failures to act. Plaintiff 's cognitive and speech functions were impaired, and he underwent additional medical treatment. Plaintiff is permanently partially disabled as a direct result of the Defendants' acts and failures to act.

17.

After Defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH arrested Plaintiff Evans on June 15, 2015.  Defendant Pierce County did not charge Plaintiff Evans with committing a crime.

18.

On June 15, 2015, defendant PAUL PASTOR was the chief of police at the Pierce County Sheriff's Department and as the Chief officer he was the supervising DEPUTY of

COMPLAINT  - Page 7

defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH. Defendant PAUL PASTOR was County of Pierce employee responsible for training and supervising defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH. Defendant PAUL PASTOR was the County of Pierce employee responsible for ensuring defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH were adequately and lawfully trained and supervised when carrying out their duties on behalf of the Defendant PIERCE COUNTY.

19.

The Pierce County defendants caused Plaintiff Evans to suffer painful disabling injuries to his person/body that required the expenditure of money for medical care and treatment of his injuries. The Pierce County Defendants' acts and failures to act caused Plaintiff Evans to suffer serious permanent disabling injuries. Plaintiff Evans underwent medical treatment for his injuries. Plaintiff Evans anticipates additional medical treatment to be necessary for his injuries caused by the Pierce County Defendants' acts and failures to act. Plaintiff Evans's injuries were and are painful, permanent, disabling, and disfiguring. Plaintiff Evans continues to suffer from his injuries caused by the Pierce County defendants.

20.

The Pierce County defendants caused Plaintiff Evans to lose wages and income as a direct and proximate result of the injuries they caused him to suffer. The Pierce County Defendants' acts and failures to act impaired Plaintiff Evans' ability to earn wages. As a direct result Plaintiff Evans anticipates future lost wages caused by the Pierce County Defendants' acts and failures to act.

COMPLAINT  - Page 8

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

21.

Defendant Sheriff Pastor is believed to be defendant municipal corporation Pierce County's chief policy maker regarding implementing the Pierce County Sheriff's Department's use of force policies, practices and customs.  He is further believed to be defendant Pierce County's representative who ultimately approved, and/or ratified the other defendants' use of force in this case. Defendant Sheriff Pastor is further believed to be defendant municipal corporation Pierce County's chief policy maker regarding implementing the Pierce County Sheriff's Department's and the Pierce County Jail's policies, practices and customs for providing medical treatment and follow-up care for prisoners at the jail. In determining and implementing the Pierce County Jail's policies,  he is believed to rely upon the assistance of, and policy making, development and implementation of defendants Pierce County jail supervisory employees Rob Mesko, Kidder-Jackson and M. Balderama M.D.

22.

As a direct and proximate result of the said acts of the Pierce County defendants the plaintiff Thomas Evans suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

b. Physical pain and suffering requiring the expenditure of money for treatment;

c. Economic and non-economic damages incurred and expected to be incurred, in an amount to be established at trial.

23.

The actions of the defendants   further violated the following clearly established and well-

COMPLAINT  - Page 9

settled federal constitutional rights of Thomas Evans:

    a.        Freedom from the use of excessive and unreasonable force against his person.

    b.        Denial of his right to speak freely under the First amendment.

    c.        Freedom from the use of excessive, unreasonable and/or unjustified force against his person after he was arrested and became a prisoner in the custody of the defendants.

    d.         Denial of access to reasonable and necessary medical care and treatment after plaintiff became a prisoner in the custody of the defendants.

    e.        Held in custody without being informed of the nature and cause of the government's accusation against him.

**FIRST CLAIM:  UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS BRIAN HEIMANN, BILL FOSTER, PETER TURNER, & MARTIN ZURFLUH IN THEIR INDIVIDUAL CAPACITIES FOR VIOLATION OF PLAINTIFF'S 4th AND 14th AMENDMENT RIGHTS**
**(ARREST WITHOUT PROBABLE CAUSE)**

24.

Plaintiff re-alleges paragraphs 1 through 23 above.

25.

42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

26.

Plaintiff Evans had firmly established rights under the Fourth Amendment forbidding

COMPLAINT  - Page 10

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

unlawful and unreasonable seizure of his person granting him the rights to be free from being arrested without a warrant and without probable cause that plaintiff Evans had committed a crime as well as an established right to be free from excessive force being used against him to effect an unlawful arrest, search or seizure.

27.

At all times material herein, defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH, acting under color of state law, had a duty to refrain from depriving plaintiff Evans of his constitutional rights.  Defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH breached the aforementioned statute and breached their legal duties to refrain from depriving plaintiff of his constitutional rights by illegally arresting Mr. Evans without a warrant and/or without probable cause, on June 15, 2015, which constituted a violation of plaintiff's clearly-established rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, forbidding unlawful and unreasonable seizures.

28.

At the time they breached their duties to plaintiff defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH acted under color of law and were employed by Defendant Pierce County.

29.

Defendants' acts and failures to act caused plaintiff to suffer physical injury, pain, humiliation, and fear as a direct and proximate result of the defendants' acts and failures to act and hereby claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH for violation of his constitutional rights under color of law, in amount to be proven at trial.

COMPLAINT  - Page 11

30.

The conduct of the defendants was knowing, intentional, reckless, and/or malicious, by reason of which plaintiff is entitled to punitive damages.

**SECOND CLAIM UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS PIERCE COUNTY SHERIFF'S DEPUTIES BRIAN HEIMANN, BILL FOSTER, PETER TURNER, AND MARTIN ZURFLUH IN THEIR INDIVIDUAL CAPACITIES (EXCESSIVE FORCE)**

31.

Plaintiff re-alleges paragraphs 1 through 30 above.

32.

42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

33.

Plaintiff Evans had a firmly established right under the Fourth Amendment forbidding unlawful and unreasonable seizure and granting him the rights to be free from physical abuse, excessive force, and the use of force to cause him to suffer bodily injuries as well as a firmly established right to be free from excessive force being used against him to effect an arrest, search or seizure.

34.

COMPLAINT  - Page 12

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

At all times material herein, defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH, acting under color of state law, had a duty to refrain from depriving plaintiff Evans of his constitutional rights. Defendants Heimann, Foster, Turner, and Zurfluh breached his aforementioned duty to refrain from depriving plaintiff of his constitutional rights by using unreasonably excessive force to arrest Evans, on June 15, 2015 which constituted a violation of plaintiff's clearly-established rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, forbidding unlawful and unreasonable seizure.

35.

At the time they breached their duties to plaintiff defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH acted under color of law and were employed by Defendant Pierce County.

36.

Plaintiff was subjected to physical injury, pain, and fear by the illegal acts of defendants and claims damages, attorney fees, and punitive damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants Heimann, Foster, Turner, and Zurfluh for violation of his constitutional rights under color of law in an amount to be proven at trial.

37.

The conduct of the defendants was knowing, intentional, and malicious, by reason of which plaintiff is entitled to punitive damages.

**THIRD CLAIM UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS PIERCE COUNTY SHERIFF'S DEPUTIES BRIAN HEIMANN, BILL FOSTER, PETER TURNER, AND MARTIN ZURFLUH IN THEIR INDIVIDUAL CAPACITIES FOR VIOLATION OF PLAINTIFF'S FOURTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS (IN CUSTODY CRUEL AND UNUSUAL PUNISHMENT - EXCESSIVE FORCE AND LOSS OF PERSONAL LIBERTY)**

COMPLAINT  - Page 13

38.

Plaintiff re-alleges paragraphs 1 through 37 above.

39.

At all times material herein, defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH acting under color of state law, had a duty to refrain from depriving plaintiff Evans of his constitutional rights.

40.

Defendants Heimann, Foster, Turner, and Zurfluh breached the aforementioned duty to refrain from depriving plaintiff of his constitutional rights by using unreasonably excessive force on Mr. Evans once he became a prisoner in their custody,  which constituted a further violation of plaintiff's clearly-established rights under the Fourth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, using unreasonable force to punish and/or further injure Evans, a person detained and arrested by the defendants and  whom they caused to be imprisoned at the Pierce County Jail based upon the defendants' accusations against plaintiff.

41.

At the time they breached their duties to plaintiff defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH acted under color of law and were employed by Defendant Pierce County.

42.

Plaintiff Evans claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Heimann, Foster, Turner, and Zurfluh for violation of his constitutional rights under color of law in an amount to be proven at trial.

43.

The conduct of the defendants was knowing, intentional, and malicious, by reason of which plaintiff is entitled to punitive damages.

COMPLAINT  - Page 14

**FOURTH CLAIM: UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS PIERCE COUNTY PROPERTY OFFICER NO. 00061 and PIERCE COUNTY SEARCH OFFICER NO. 00062, DEFENDANT C. COLLINS, PIERCE COUNTY JAIL CORRECTIONAL OFFICER, DEFENDANT J. BLIND, PIERCE COUNTY JAIL CORRECTIONAL OFFICER, JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER, JAIL BOOKING NURSE & JANE DOE JAIL MEDICAL STAFF FOR VIOLATION OF PLAINTIFF'S SIXTH, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS (CRUEL AND UNUSUAL PUNISHMENT DENIAL OF MEDICAL TREATMENT AT THE PIERCE COUNTY JAIL & AND LOSS OF PERSONL LIBERTY)**

44.

Plaintiff realleges paragraphs 1 through 43 above.

45.

At all times material herein, defendants Pierce County Property Officer no. 00061, Pierce County Search Officer no. 00062, Pierce County jail correctional officer, C. Collins, Pierce County jail correctional officer J. Blind, Pierce County jail correctional officer John Doe Pierce County jail Booking Nurse and Pierce County Jail Jane Doe jail medical staff, acting under color of state law, had a duty to refrain from depriving plaintiff Evans of his constitutional rights.

46.

Defendants Pierce County Property Officer no. 00061, Pierce County Search Officer no. 00062, Pierce County jail correctional officer, C. Collins, Pierce County jail correctional officer J. Blind, Pierce County jail correctional officer John Doe Pierce County jail Booking Nurse and Pierce County Jail Jane Doe jail medical staff breached the aforementioned duty to refrain from depriving plaintiff of his constitutional rights by deliberately withholding necessary medical treatment from Mr. Evans, which constituted a violation of plaintiff's clearly-established rights under the Eighth and Fourteenth Amendments to the Constitution of the United States, to punish

COMPLAINT - Page 15

1    or injure prisoners at the Pierce County Jail.

2                                              47.

3        At the time they breached their duties to plaintiff defendants Pierce County Property

4    Officer no. 00061, Pierce County Search Officer no. 00062, Pierce County jail correctional

5    officer, C. Collins, Pierce County jail correctional officer J. Blind, Pierce County jail correctional

6    officer John Doe Pierce County jail Booking Nurse and Pierce County Jail Jane Doe jail medical

7    staff acted under color of law and were employed by or were agents of Defendant Pierce County.

8

9                                              48.

10       Plaintiff Evans claims damages for the injuries set forth above under 42 U.S.C. § 1983

11   against defendants Pierce County Property Officer no. 00061, Pierce County Search Officer no.

12   00062, Pierce County jail correctional officer, C. Collins,   Pierce County jail correctional officer

13   J. Blind, Pierce County jail correctional officer John Doe Pierce County jail Booking Nurse and

14   Pierce County Jail Jane Doe jail medical staff for violation of his constitutional rights under

15   color of law in an amount to be proven at trial.

16       .

17                                              49.

18       The conduct of the defendants was reckless and, or knowing, intentional, and malicious,

19   by reason of which plaintiff is entitled to punitive damages.\

20       \

21   **FIFTH CLAIM:  UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS PIERCE COUNTY
22   PROPERTY OFFICER NO. 00061 and PIERCE COUNTY SEARCH OFFICER NO.
     00062, DEFENDANT C. COLLINS, PIERCE COUNTY JAIL CORRECTIONAL
23   OFFICER, DEFENDANT J. BLIND, PIERCE COUNTY JAIL CORRECTIONAL
     OFFICER, JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER, JAIL
24   BOOKING NURSE & JANE DOE JAIL MEDICAL STAFF FOR VIOLATION OF
     PLAINTIFF'S FIRST AMENDMENT RIGHTS**

25   COMPLAINT  - Page 16

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

50.

Plaintiff re-alleges paragraphs 1 through 49 above.

51.

At all times material herein, defendants Pierce County Property Officer no. 00061, Pierce County Search Officer no. 00062, Pierce County jail correctional officer, C. Collins, Pierce County jail correctional officer J. Blind, Pierce County jail correctional officer John Doe Pierce County jail Booking Nurse and Pierce County Jail Jane Doe jail medical staff, acting under color of state law, had a duty to refrain from depriving plaintiff Evans of his constitutional rights. The Pierce County Jail defendants breached their duties by preventing Mr. Evans from exercising his clearly-established First Amendment right to speak freely when he tried to tell him he was sick and hurt, that he needed medical help, that he needed medicine, and that he needed their help. Instead of letting him talk and instead of helping him they kept locked in a cell without medicine, without medical attention and never brought plaintiff to see a doctor.

52.

Plaintiff Evans claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the Pierce County Jail defendants for violation of his constitutional rights under color of law in an amount to be proven at trial.

53.

The conduct of the defendants was knowing, intentional, and malicious, by reason of which plaintiff is entitled to punitive damages.

**SIXTH CLAIM: UNDER 42 U.S.C § 1983 AGAINST PIERCE COUNTY AND DEFENDANTS PATTI JACKSON-KIDDER, IN HER OFFICIAL CAPACITY AS CHIEF OF PIERCE COUNTY CORRECTIONS, UNDERSHERIFF ROB MESKO, IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF THE CHIEF OF PIERCE COUNTY CORRECTIONS AND SHERIFF PAUL PASTOR IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF THE SUPERVISOR OF THE CHIEF OF PIERCE COUNTY CORRECTIONS FOR VIOLATIONS OF PLAINTIFF'S EIGHTH AND FOURTEENTH**

COMPLAINT - Page 17

KANNIN LAW FIRM P.S.
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

**AMENDMENT RIGHTS (CRUEL AND UNUSUAL PUNISHMENT – DENIAL OF MEDICAL TREATMENT- DELIBERATE INDIFFERENCE TO PRISONER'S MEDICAL HEALTH )**

54.

Plaintiff realleges paragraphs 1 through 53 above.

55.

Prior to June 15, 2015, defendant Municipal Corporation Pierce County, by and through its Chief policy makers defendants Undersheriff Mesko, Corrections Chief Sheriff Jackson-Kidder and Sheriff Pastor, developed and maintained policies, practices, or customs, exhibiting deliberate indifference to the constitutional rights of persons incarcerated in the Pierce County Jail, which caused the violations of plaintiff Evans's rights. Defendant Undersheriff Rob Mesko was employed by Pierce County and its Sheriff's Department as the Undersheriff and is believed to have been the supervising and commanding officer of Defendant Patti Jackson-Kidder, Chief of Pierce County Corrections. Sheriff Paul Pastor was employed by Pierce County and its Sheriff's Department as the Sheriff and is believed to have been the supervising and commanding officer of Undersheriff Rob Mesko, and Defendant Patti Jackson-Kidder.

56.

At the time of the incident involving plaintiff Evans it is believed that it was the policy, practice, or custom of Pierce County to fail to ensure adequate screening of correctional officer candidates during the hiring process, or adequate training, supervision, and discipline of Pierce County Correctional Officers.  The County did not require appropriate in-service training or retraining of officers who violated the plaintiff's aforementioned rights.  The County did not require appropriate in-service training or retraining of officers who were known to have engaged

COMPLAINT  - Page 18

in misconduct by denying medical treatment to jail prisoners and thereby ratified its employees' misconduct. The County did not require appropriate in-service training or discipline for officers who tolerated other officers denying medical treatment to sick or injured jail prisoners.

57.

As a result of the above described policies, practices, and customs, Pierce County Correctional officers, including defendant officers, believed that their actions or inactions would not be properly monitored by supervisory officers and that the defendant officers' misconduct would not be investigated or sanctioned, but would be tolerated and/or ratified by defendants Sheriff Pastor, Mesko, Jackson-Kidder, and Pierce County.

58.

The above described policies, practices, and customs of defendant Pierce County demonstrated a deliberate indifference on the part of defendant Pierce County to the constitutional rights of persons within the County and were a cause of the County's jail employees failing to provide and/or denying medical treatment to the plaintiff when he was a prisoner at the Pierce County jail.

59.

Plaintiff Evans claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant Pierce County for violation of his constitutional rights under color of law in an amount to be proven at trial.
.

**SEVENTH CLAIM: UNDER 42 U.S.C § 1983 AGAINST THE MUNICIPAL CORPORATION OF PIERCE COUNTY & SHERIFF PAUL PASTOR IN HIS OFFICIAL CAPACITY AS SUPERVISOR AND POLICY MAKER FOR VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS (FALSE ARREST/ARREST WITHOUT PROBALBE CAUSUE UNCOMNSTITUTIONAL**

COMPLAINT  - Page 19

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

**POLICY PRACTICE OR CUSTOM)**

60.

Plaintiff realleges paragraphs 1 through 59 above.

61.

Prior to June 15, 2015, Defendant MUNICIPAL CORPORATION OF PIERCE COUNTY, developed and maintained policies, practices, or customs, by and through Defendant Paul Pastor, its Sheriff's Department supervisor and policy maker and other municipal policymakers whose identities are presently unknown, exhibiting deliberate indifference to the constitutional rights of persons in Pierce, which caused the violation of plaintiff Evans's rights.

62.

At the time of the incident involving plaintiff Evans it is believed that it was the policy, practice, or custom of PIERCE COUNTY to fail to ensure its employees did not unlawfully arrest people at liberty, and further not having adequate screening of police officer candidates during the hiring process, or adequate training, supervision, and not having discipline of Pierce County Sheriff's deputies and police officers after they were hired.  Pierce County did not require appropriate in-service training or retraining of officers who violated the plaintiff's aforementioned rights.  Pierce County did not require appropriate in-service training or retraining of officers who were known to have engaged in police misconduct. Pierce County did not appropriately discipline its officers who were known to have engaged in police misconduct. Upon information and belief, the defendant Pierce County knew or should have known of the propensities of defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH to perform an unlawful arrest but took no steps to train them, correct their abuse of authority, or discourage their unlawful use of authority.

63.

COMPLAINT  - Page 20

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

As a result of the above described policies, practices, and customs, police officers of Pierce County, including defendant officers, believed that their actions or inactions would not be properly monitored by supervisory officers and that the defendant officers' misconduct would not be investigated or sanctioned but would be tolerated and/or ratified by defendant Sheriff Pastor, and Pierce County.

64.

The above described policies, practices, and customs of Pierce County demonstrated indifference to the constitutional rights of persons within Pierce County and were a cause of the violations of plaintiff's Fourth Amendment rights, as alleged herein.

65.

Plaintiff Evans's claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant Pierce County for violation of his constitutional rights under color of law in an amount to be proven at trial.

**EIGHTH CLAIM:  UNDER 42 U.S.C § 1983 AGAINST THE MUNICIPAL CORPORATION OF PIERCE COUNTY & SHERIFF PAUL PASTOR IN HIS OFFICIAL CAPACITY AS SUPERVISOR AND POLICY MAKER FOR VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS (EXCESSIVE FORCE POLICY PRACTICE OR CUSTOM)**

66.

Plaintiff realleges paragraphs 1 through 65 above.

67.

Prior to January 28, 2007, Pierce County developed and maintained policies, practices, or customs, by and through by and through Defendant Paul Pastor, its Sheriff's Department supervisor and policy maker and other municipal policymakers whose identities are presently unknown, exhibiting deliberate indifference to the constitutional rights of persons in Pierce County, which caused the violation of plaintiff Evans's rights.

COMPLAINT  - Page 21

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

68.

At the time of the incident involving plaintiff Evans it is believed that it was the policy, practice, or custom of Pierce County to fail to ensure its employees did not use excessive force to arrest people at liberty, and further not having adequate screening of police officer candidates during the hiring process, or adequate training, supervision, and not having adequate discipline of Pierce County Sheriff's deputies and police officers after they were hired.  Pierce County did not require appropriate in-service training or retraining of officers who violated the plaintiff's aforementioned rights.  Pierce County did not require appropriate in-service training or retraining of officers who were known to have engaged in police misconduct. Pierce County did not appropriately discipline its officers who were known to have engaged in police misconduct. Upon information and belief, the defendant Pierce County knew or should have known of the dangerous and unlawful propensities of defendants BRIAN HEIMANN, BILL FOSTER, PETER TURNER, and MARTIN ZURFLUH but took no steps to train them, correct their abuse of authority, or discourage their unlawful use of authority.

69.

As a result of the above described policies, practices, and customs, police officers of Pierce County, including defendant officers, believed that their actions or inactions would not be properly monitored by supervisory officers and that the defendant officers' misconduct would not be investigated or sanctioned but would be tolerated and/or ratified by defendant Sheriff Pastor, and Pierce County.

70.

The above described policies, practices, and customs of Pierce County demonstrated a deliberate indifference on the part of policymakers of Pierce County to the constitutional rights of persons within Pierce County and were a cause of the violations of plaintiff's Fourth

COMPLAINT  - Page 22

Amendment rights, as alleged herein.

71.

Plaintiff Evans's claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant Pierce County for violation of his constitutional rights under color of law.

**JURY DEMAND**

The plaintiff respectfully requests trial by jury.

**RELIEF REQUESTED**

WHEREFORE, the plaintiff prays for judgment in an amount to be established at trial, including:

a. Economic damages to plaintiff against the defendants jointly and severally;

b. Non-economic damages to plaintiff against the defendants jointly and severally;

c. Reasonable attorney's fees and costs to the plaintiff under 42 U.S.C. § 1988;

d. Punitive damages; and

e. Such other relief as this court may deem equitable.

DATED this 12th day of June 2018.

KANNIN LAW FIRM P.S.

By: _John Kannin_

John Kannin, WSBA #27315
Attorney for Plaintiff

COMPLAINT  - Page 23