Benjamin H. Settle, U.S. District Judge

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

THOMAS LEE EVANS,                                  NO.  3:18-cv-05473-BHS

                              Plaintiff,

10       vs.                                           DEFENDANT'S MOTION TO DISMISS
11                                                     PURSUANT TO FRCP 12(b)

12   BRIAN HEIMANN,et al.,                             Noted on Motion Docket:  September 21, 2018

13                              Defendants.

14                            I.     **MOTION**

15          COMES NOW Defendant Pierce County and moves pursuant to Federal Rule of Civil

16   Procedure 12(b)(1) and 12(b)(6) for dismissal of the Complaint of Plaintiff Thomas Lee Evans.

17   *See* Dkt. #1.  This motion is brought on the ground the Complaint is a successive/duplicative

18   suit, involving the same nucleus of facts, parties, and legal issues.  This Court should dismiss this

19   second, duplicative complaint at the earliest stage possible to avoid burdensome litigation of the

20   same issues.  Alternatively, Plaintiff has failed to state a claim upon which relief can be granted

21   against Defendant Pierce County warranting dismissal of this matter.  This motion is based on

22   the Complaints filed in Pierce County Superior Court Cause No. 17-2-12067-2, United States

23   District Court Case 3:17-cv-06046, and United States District Court Case 3:18-cv-05473.

24

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 1
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

1

## II.    STATEMENT OF FACTS

2   On October 6, 2017, Plaintiff filed a complaint against Defendants Pierce County, Paul

3   Pastor, Rob Mesko, Patti Jackson-Kidder, Miguel Balderrama, M.D., and various John and Jane

4   Does arising out of his arrest by Pierce County Sheriff's Deputies on June 15, 2015.  *See* 3:17-cv-

5   06046, Dkt #1-2.  Plaintiff alleged Negligence; False Arrest; Violation of Civil Conspiracy;

6   Negligent Hiring, Retention, Training and Supervision; and Respondeat Superior.  On

7   December 14, 2017, Defendants removed the case to the United States District Court as it

8   appeared Plaintiff was asserting claims under 42 U.S.C. § 1983.  *See* 3:17-cv-06046, Dkt #1.

9   Plaintiff filed a Motion for Remand, stating:

10   Plaintiff's complaint for state law tort claims is properly pleaded.  There is no
11   federal question presented on its face.  Therefore, defendants' removal action
     violates the well pleaded complaint rule.  For these reasons the defendants'
12   removal action should be vacated, and plaintiff's case should be immediately
     remanded back to the Pierce County Superior Court.

13   *See* 3:17-cv-06046, Dkt #14 at 5.

14   Plaintiff also argued in his Reply brief that "[t]here are no federal issues in plaintiff's

15   complaint that make it a federal civil rights lawsuit."  *See* 3:17-cv-06046, Dkt #21 at 6.  The case

16   was subsequently remanded to Pierce County Superior Court.  *See* 3:17-cv-06046, Dkt #23.

17   Following remand, Plaintiff filed an Amended Complaint in the state court action naming Brian

18   Heimann, Bill Foster, Pete Turner, Martin Zurfluh, C. Collins, and J. Blind as additional

19   defendants.  *See* Decl. of KMC Ex. A.

20   With the first lawsuit still pending in state court, Plaintiff has now filed a second

21   complaint (this action), alleging the same facts and circumstances as contained in the original

22   complaint, arising from his arrest by Pierce County Sheriff's Deputies on June 15, 2015.  This

23   complaint named Brian Heimann, Bill Foster, Pete Turner, Martin Zurfluh, Paul Pastor, Rob

24

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 2
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

Mesko, C. Collins, J. Blind, Patti Jackson-Kidder, Miguel Balderrama, M.D., and Pierce County, and various John and Jane Does.  This Complaint asserts claims arising under 42 U.S.C. § 1983.

Because this second suit violates the doctrine of claim splitting, Defendant Pierce County seeks dismissal with prejudice of this claim.  In the alternative Defendant Pierce County seeks dismissal because Plaintiff has failed to state a claim upon which relief can be granted against it.

## III.   ANALYSIS

**A.   DISMISSAL PUSUANT TO 12(b)(1) IS REQUIRED AS THIS COURT IS WITHOUT JURISDICTION TO HEAR THIS SECOND, IDENTICAL LAWSUIT**

The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  "[U]nlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint—it may consider facts and need not assume the truthfulness of the complaint." *Americopters, LLC v. FAA,* 441 F.3d 726, 732 n. 4 (9th Cir.2006).

In support of a motion to dismiss under Rule 12(b)(1),

> [T]he moving party may submit "affidavits or any other evidence properly before the court ....  It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."

*St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989) (citations omitted).  *Colwell v. Dep't of Health and Human Serv.,* 558 F.3d 1112, 1121 (9th Cir.2009); *accord Savage v. Glendale Union High School, Dist. No. 205,* 343 F.3d 1036, 1039 n. 2 (9th Cir.2003) *cert. denied,* 541 U.S. 1009 (2004) ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.").

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 3
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

Under the first-to-file rule, "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir.1982).   Three factors must be considered in applying the first-to-file rule:  (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Ward v. Follett Corp.,* 158 F.R.D. 645, 648 (N.D.Cal.1994); *see, also, Pacesetter Sys. Inc.,* 678 F.2d at 95.   Neither the parties to each action nor the issues involved need be identical. *See Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936).

While this doctrine is generally invoked when a litigant files an identical claim in another federal district court, the doctrine should also apply when a litigant files an identical claim in a federal district court while a state court claim is pending.

It is readily apparent that the current matter was filed after the first filed complaint in Pierce County Superior Court.   The first matter was subsequently removed because it appeared Plaintiff was asserting claims under 42 U.S.C. § 1983.   Plaintiff denied the assertion of any claims under 42 U.S.C. § 1983, and requested the matter be remanded to state court, when he could have continued to litigate in federal court, and amend his complaint to add § 1983 claims if necessary.   The parties in this matter are the same, and the issues are the same.   Based on this, the Court should dismiss this second action and permit jurisdiction to rest in the original matter in Pierce County Superior Court.   A comparison of the two complaints shows that the exact same core of facts is alleged in each matter. *See* Dkt. #1; *see also* 3:17-cv-06046 Dkt. #1-2.

**B.       THIS MATTER SHOULD BE DISMISSED UNDER 12(b)(6)**

A claim may be dismissed under Rule 12(b)(6) either because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California,*

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 4
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

1   *Inc.,* 88 F.3d 780, 783 (9ᵗʰ Cir.1996).  In addressing a Rule 12(b)(6) challenge the court accepts

2   all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex*

3   *Hospital,* 425 U.S. 738, 740 (1976)), and construes the pleadings in the light most favorable to

4   the nonmoving party.  *Tanner v. Heise,* 879 F.2d 572, 576 (9ᵗʰ Cir.1989).

5          When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence

6   outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for

7   summary judgment, and it must give the nonmoving party an opportunity to respond.  *See*

8   Fed.R.Civ.P. 12(b); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 n.4 (9ᵗʰ Cir.1998).  A court may,

9   however, consider certain materials – documents attached to the complaint, documents

10  incorporated by reference in the complaint, or matters of judicial notice – without converting the

11  motion to dismiss into a motion for summary judgment.  *See Van Buskirk v. CNN,* 284 F.3d 977,

12  980 (9ᵗʰ Cir.2002); *Barron v. Reich,* 13 F.3d 1370, 1377 (9ᵗʰ Cir.1994).  Courts may only take

13  judicial notice of adjudicative facts that are "not subject to reasonable dispute."  Fed.R.Evid.

14  201(b).  Facts are indisputable, and thus subject to judicial notice, only if they are either

15  "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by

16  resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2).

17  *United States v. Ritchie,* 342 F.3d 903, 908-09 (9ᵗʰ Cir.2003).

18      **1.      This Matter Should Be Dismissed Under 12(b)(6) as Impermissible Claim-
                 Splitting**

19

20          Defendant Pierce County seeks dismissal of all claims under Federal Rule of Civil

21  Procedure 12(b)(6) on the basis that this is a duplicative filing.  Claim preclusion or claim-

22  splitting is appropriately raised on a motion to dismiss if the defendant does not raise issues of

23  disputed facts.  *Scott v. Kuhlman,* 746 F.2d 1377, 1378 (9ᵗʰ Cir.1984).

24

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 5
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

The "main purpose behind the rule preventing claim splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim.'" *Clements v. Airport Authority of Washoe County,* 69 F.3d 321, 328 (9ᵗʰ Cir.1995) (quoting Restatement (Second) Judgments § 26 comment a).  The court must assess whether the complaint is duplicative and, if so, decide on an appropriate remedy.  *See Adams v. California Dep't of Health Servs.,* 487 F.3d 684, 688-93 (9ᵗʰ Cir.2007).  At its discretion, the court may dismiss the duplicative lawsuit with or without prejudice, stay or enjoin the proceedings, or consolidate the two actions.  *See id.* at 692-93 (holding that in the circumstances of the case the district court did not abuse its discretion in dismissing the later-filed complaint with prejudice).  "[T]he claim splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation." *Katz v. Gerardi,* 655 F.3d 1212, 1218-19 (10ᵗʰ Cir.2011).

Filing two separate lawsuits based on the same event—claim-splitting—is also precluded in Washington." *Landry v. Luscher,* 95 Wn.App. 779, 780, 976 P.2d 1274 (1999).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action are the same." *Adams,* 487 F.3d at 689 (citing *The Haytian Republic,* 154 U.S. 118, 124 (1894) ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same."); *Curtis v. Citibank, N.A.,* 226 F.3d 133, 140 (2d Cir.2000)).

"In the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit was already final, the second suit could be precluded pursuant to claim preclusion." *Adams,* 487 F.3d at 689.  "The normal claim preclusion analysis applies and the court must assess whether the second suit raises issues that should have been brought in the first." *Id.*  "To

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 6
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

ascertain whether successive causes of action are the same, we use the transaction test, developed in the context of claim preclusion. 'Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together.'" *Adams,* 487 F.3d at 689 (quoting *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992)).

In applying the transaction test to ascertain whether successive causes of action are the same, federal court examine four criteria:  (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same nucleus of facts. *See Constantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir.1982); *see, also, Adams,* 487 F.3d 684.

Here the filing of this second lawsuit is classic claim-splitting.  For whatever reason, Plaintiff fought to keep his original suit out of federal court, and chose to forego seeking leave to amend the pleadings in the original suit.  Instead, Plaintiff chose to burden the Court and parties with an additional lawsuit.  In comparing the two complaints, it is clear that the second lawsuit relies on the identical nucleus of facts; names the same parties, and both suits seek monetary relief against the named defendants.  "[I]n the claim preclusion context, the most significant factor is that the causes of action arise from a common transactional nucleus of facts." *Adams,* 487 F.3d at 691 (citing *Western Sys. Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992); *C.D. Anderson & Co. v. Lemos,* 832 F.2d 1097, 1100 (9th Cir. 1987); *Constantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir.1982)).  That is clearly the case here.

/ / / / /

/ / / / /

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 7
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

Defendant recognizes that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are ... limited ...." *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 818 (1976).

> In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum, *cf. Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, (1947); the desirability of avoiding piecemeal litigation, *cf. Brillhart v. Excess Is. Co.,* 316 U.S. 491, 495 (1942); and the order in which jurisdiction was obtained by the concurrent forums, *Pacific Live Stock Co. v. Oregon Water Bd.,* 241 U.S. 440, 447 (1916).  No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required.  *See Landis v. North American Co., supra,* 299 U.S. at 254-255.  Only the clearest of justifications will warrant dismissal.

*Colorado River Conservation dist.,* 424 U.S. at 818-819.  Though the circumstances are limited, this is a case where dismissal should be permitted.  Plaintiff filed the lawsuit in state court, fought removal and had the case remanded to state court, only to file this (new) federal action.  Plaintiff could have amended the Complaint in the initial suit to add claims under 42 U.S.C. § 1983, and could have continued to litigate in federal court.  Instead Plaintiff took the position that his Complaint contained no federal claims, only to subsequently file a Complaint with identical parties (as named in the Amended Complaint filed in state court), and an identical set of facts, this time in federal court, now requiring Defendant to litigate claims in two separate courts based on the same set of facts.

Defendant requests dismissal of this second action.  This remedy encourages a careful and thoughtful approach to litigation and prevents needless, duplicative filings.  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams,* 487 F.3d at 692-93 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)).

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 8
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

2.     <u>**This Court Should Also Dismiss the Claims Against Pierce County Where There Is No Showing of a Constitutional Violation**</u>

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ascroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Plaintiff claims that Pierce County is liable for (1) cruel and unusual punishment – denial of medical treatment – deliberate indifference to prisoner's medical health; (2) false arrest/arrest without probable cause unconstitutional policy practice or custom; and (3) excessive force policy practice or custom.

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 9
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

Municipalities are "persons" under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation. *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978). However, a municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents – a *respondeat superior* theory. *Id.* at 694. Instead, it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible. *Id.* A policy is "'a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Fairley v. Luman,* 281 F.3d 913, 918 (9th Cir.2002) (per curiam) (citing *Oviatt v. Pearce,* 954 F.2d 1470, 1477 (9th Cir.1992)) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)). A municipality's failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact. *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 388 (1989). The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy. *Id.* at 390. In order to establish a § 1983 claim against a municipality, plaintiff must:

> (1) Identify a specific policy or custom; (2) demonstrate that the policy was sanctioned by the official or official responsible for making policy in that area of the city's business; (3) demonstrate a constitutional deprivation; and (4) establish a causal connection between the custom or policy and the constitutional deprivation. Lack of proof on any of the above elements would require dismissal of the action. (citations omitted).

*Baldwin v. City of Seattle,* 55 Wn.App. 241, 248 (1989); *see also City of St. Louis v. Praprotnick,* 485 U.S. 112, 123 (1988).

All theories of municipal liability fail on the face of the complaint.

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 10
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

### a.   Policy/Custom or Failure to Adopt Policies

"The existence of a policy, without more, is insufficient to trigger local government liability under section 1983." *Oviatt By & Through Waugh v. Pearce,* 954 F.2d 1470, 1477-78 (9th Cir.1992), (citing *City of Canton,* 489 U.S. at 388-89). "Under *City of Canton,* before a local government entity may be held liable for failing to act to preserve a constitutional right, plaintiff must demonstrate that the official policy "evidences a 'deliberate indifference'" to his constitutional rights." *Id.* (quoting *City of Canton,* 489 U.S. at 389). This occurs when the need for more or different action "is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need." *City of Canton,* 489 U.S. at 390.

In order to establish a custom, Plaintiff must allege that Defendants' acts were undertaken pursuant to a practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell,* 436 U.S. at 691; *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1444 (9th Cir.1989). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir.1996) (citations omitted); *see also, Meehan v. Los Angeles Cnty.*, 856 F.2d 102 (9th Cir.1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg,* 869 F.2d 1230 (9th Cir.1989) (manner of one arrest insufficient to establish policy).

The complaint fails to state a claim against Pierce County. The fact that there was force used by Pierce County Sheriff's deputies in and of itself, does not mean that force was the result of a policy or custom. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1985) ("[A]n unjustified shooting by a police officer cannot, without more, be thought to result from official policy.").

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 11
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

1    Plaintiff's complaint also fails to point out specifically what custom or policy was drafted,

2    directed, or implemented, which resulted in the harm alleged here.  Further the complaint fails to

3    specify what policy Pierce County has or should have in order to prevent the alleged harm here.

4                   **b.      Failure to Train**

5    "In limited circumstances, a local government's decision not to train certain employees

6    about their legal duty to avoid violating citizens' rights may rise to the level of an official

7    government policy for purposes of § 1983."  *Connick v. Thompson,* 563 U.S. 51, 61 (2011).  "A

8    municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on

9    a failure to train."  *Id.* (citing *Oklahoma City v. Tuttle,* 471 U.S. 808, 822-23 (1985) (plurality

10   opinion) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further

11   removed from the constitutional violation, than was the policy in *Monell*.").  To satisfy the

12   statute, the local government's failure to train its employees in a relevant respect must amount to

13   "deliberate indifference to the rights of persons with whom the [untrained employees] come into

14   contact."  *Connick,* 563 U.S. at 61 (quoting *Canton,* 489 U.S. at 388).  "Only then 'can such a

15   shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983.'"

16   *Id.* (quoting *Canton,* 489 U.S. at 389).  "'[D]eliberate indifference' is a stringent standard of fault,

17   requiring proof that a municipal action disregarded a known or obvious consequence of his

18   action."  *Id.* (quoting *Board of Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 410 (1997)).

19   Under *Iqbal,* where a "complaint does not identify what the training and hiring practices

20   were, how the training and hiring practices were deficient, or how the training and hiring

21   practices caused [p]laintiff's harm[,]" such "threadbare" conclusory allegations will not support

22   the claim.  *Young v. City of Visalia,* 687 F.Supp.2d 1141,1149 (E.D.Cal.2009).

23   Because the complaint contains threadbare assertions on training with absolutely no

24   connection to the incident, this Court must dismiss Pierce County from the Complaint.

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 12
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main: (253) 798-6732 / Fax: (253) 798-6713

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## IV.  CONCLUSION

Defendant Pierce County respectfully requests that the Court dismiss Plaintiff's claims against it.  The filing of this Complaint is duplicative, and all matters should be resolved in the first suit pending in Pierce County Superior Court.  Additionally, Plaintiff has failed to state a claim against Defendant Pierce County upon which relief can be granted.

Defendant Pierce County reserves the right to assert all Affirmative Defenses not specifically addressed in this motion.

DATED this 28th of August, 2018.

MARK LINDQUIST
Prosecuting Attorney

s/ KRISTAL M. COWGER
KRISTAL M. COWGER / WSBA #43079
Pierce County Deputy Prosecutor / Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA  98402-2160
Ph: 253-798-4265 / Fax: 253-798-6713
E-mail: kristal.cowger@piercecountywa.gov

## CERTIFICATE OF SERVICE

On August 28, 2018, I hereby certify that I electronically filed the foregoing DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) and PROPOSED ORDER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

• **John J Kannin:** john@kanninlaw.com, scott@kanninlaw.com, ryley@kanninlaw.com

s/ CHRISTINA SMITH
CHRISTINA SMITH
Legal Assistant
Pierce County Prosecutor's Office
Civil Division, Suite 301
955 Tacoma Avenue South
Tacoma, WA 98402-2160
Ph:  253-798-7732 / Fax:  253-798-6713

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) - 13
Evans 12(b) MTD.docx
USDC WAWD No. 3:18-cv-05473-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713