HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS LEE EVANS,

        Plaintiff,

v.

BRIAN HEIMANN, et al.,

        Defendants.

CASE NO. C18-5473 BHS

ORDER

THIS MATTER is before the Court on Defendant Pierce County's Motion to Dismiss. [Dkt. # 9]. Plaintiff Evans was arrested at his Roy, Washington home in June 2015. He claims he hit his head on the door when he was handcuffed and loaded into the deputies' vehicle on the way to jail, and that his requests for medical assistance were ignored. He was released three days later and his wife took him to the hospital, where he was diagnosed with a blood clot, and then a stroke. He remained hospitalized for ten days. Evans was not charged with a crime.

Two years later Evans sued the deputies, their superiors, the jailors and the jail medical providers[1] in Pierce County Superior Court, asserting a variety of state law tort claims (false

---

[1] The defendants in the first action are Paul Pastor, Rob Mesko, Patti Jackson-Kidder, Miguel Balderrama, their respective spouses as John and Jane Does, Pierce County, Brian Heimann, Bill Foster, Pete Turner, Martin Zurfluh, their respective spouses as Jane Does, Correct Care Solutions, LLC, and additional unidentified and partially identified Pierce County

ORDER - 1

arrest, negligence, conspiracy, and negligent hiring, training, and retention). The defendants read the complaint as asserting federal Section 1983 claims against them, and removed the case to this Court. *See Evans v. Pastor et al.*, No. 16-cv-6046RBL, Dkt. # 1.

Evans moved to remand (and for sanctions), arguing that he had intentionally not asserted any federal claims. *See* Dkt. # 14 in that case. This Court remanded the case to state court on that basis, and declined to award sanctions. *See* Dkt. # 23 in that case.

Six months later, Evans sued here, asserting *only* Section 1983 claims, claiming the same defendants violated his rights under the First, Fourth, Sixth, Eight, and Fourteenth Amendments. This new complaint arises out of the same incident relies on the same facts. Dkt. # 1. Evans purports to maintain separate, parallel actions, despite the fact he obviously could have asserted all of his claims in one action, in either court.

Defendant Pierce County seeks dismissal: (1) for lack of subject matter jurisdiction under the "first to file" rule, (2) for failure to state claim based on impermissible "claim splitting," or (3) application of the *Colorado River* doctrine. It argues it is fundamentally unfair to require them to defend two lawsuits arising from the same incident for no legitimate reason.

### A. FRCP 12(b)(1)

Pierce County argues first that the Court lacks subject-matter jurisdiction, and should dismiss under the "first-to-file rule," which "allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)).

---

Correctional Officers, Jail Medical Staff, and their respective spouses as John and Jane Does. *See* Dkt. # 1 in that case.

As Pierce County admits, the first-to-file rule applies to similar cases filed in different (federal) district courts; it does not address the situation here, where the plaintiff seeks to maintain simultaneous state and federal case arising out of the same set of operative facts.

The Supreme Court has determined that when parallel suits are pending in state and federal court, a Court may consider stay or dismissal under the *Colorado River* doctrine which instead considers the "interests of wise judicial administration" in such cases. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 815 (1976).

The "first to file rule does not apply to deprive the Court of subject matter jurisdiction and the Motion to Dismiss under Rule 12(b)(1) is **DENIED**.

**B.     FRCP 12(b)(6).**

Pierce County also seeks dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). It argues[2] that Evans has impermissibly split his claims, and that the case warrants the rare application of the *Colorado River* doctrine.

**1.     Claim-Splitting.**

Pierce County argues that because Evans has impermissibly sought to split his claims between state and federal courts, this second action should be dismissed. It argues that judicial economy and fairness preclude this strategy, particularly where (as here) Evans could have amended his first complaint in either court to add these federal claims, and rather boldly sought sanctions for the improper removal of a case in which he specifically declined to assert such claims.

---

[2] Pierce County also makes the more traditional Rule 12(b)(6) argument, that Evans' complaint does not articulate facts plausibly supporting a claim against it. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Because the motion is resolved on other grounds, the Order will not address this argument.

It argues that neither federal nor Washington courts permit what Evans has attempted to do here. It urges the Court to determine that the claims are duplicative, and if so, to exercise in its discretion to impose an appropriate remedy. *See Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995); *Landry v. Luscher*, 95 Wn. App. 779, 780 (1999). It argues that a court can dismiss a duplicative lawsuit (with or without prejudice), based on an analysis similar to a *res judicata* analysis if there had been a final judgment in one of the cases. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688-93 (9th Cir. 2007) (overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) (in the claim splitting context, the appropriate inquiry is whether, assuming the first suit was already final, the second suit would be precluded).

Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or *could have been* raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine of *res judicata* bars a party from re-filing a case where three elements are met: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850, n. 4 (9th Cir. 2000); *Thompson v. King Co.*, 163 Wash. App. 184 (2011).

It is clear that if the state court action was final (in either parties' favor), that judgment would have preclusive effect here (and vice versa). Evans does not address this issue in his Response. He argues that the motion's "chief weakness" is that it ignores the fact that this Court does not have original jurisdiction over his state tort claims. That argument itself ignores that the court does (or would) have supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367(a)—which it exercises routinely in all manner of cases, including excessive force cases.

The state court certainly would have jurisdiction over the § 1983 claims (though they are subject to timely removal).

This is not a case where Evans was forced to split his suit in this manner, as is the case where a state or federal court has exclusive jurisdiction over a claim, and the pursuit of that claim would preclude the pursuit of some additional claim. *See United Parcel Service, Inc. v. Cal. Public Utilities Com'n.*, 77 F.3d 1178, 1186 (9th Cir. 1996) (plaintiff would lose its opportunity to adjudicate state law claims if it filed only in federal court). Instead, he either does not understand that he can assert all of his claims in one case, or that he is seeking to split his claims for strategic reasons—either to double his chances of winning, or to seek a double recovery. But unless he can try and complete the cases at the *exact* same time, the one that results in a judgment first will immediately have preclusive effect on the second case, regardless of how much effort the parties have put into that second case, or how close it is to resolution.

For this reason, Evans' additional argument that his state and federal claims are "distinct" is not on point and is not persuasive. The test is whether the claims in the second suit could (and therefore should) have been brought in the first. The answer to that question is yes, of course. Once one of the cases becomes final, the second one is duplicative and subject to dismissal. Evans has not articulated a reason for the Court to endorse and preside over a wasteful second litigation, and the Court is not aware of one.

Evans has impermissibly split his claims. The remedy will be addressed after a discussion of the parties' other point of contention, the application of the *Colorado River* doctrine.

### 2. The *Colorado River* doctrine.

Pierce County also argues for dismissal under the *Colorado River* doctrine. It again emphasizes that Evans fought removal of his first case, but he could have instead amended his complaint there to add his § 1983 claims to the first case after removal.

Evans reiterates that his theories of recovery are separate, even if the facts underlying them are identical. In the absence of "exceptional circumstances," the pendency of an action in state court is "not a bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc.*, 571 U.S. 69, 73 (2013) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)). Evans correctly articulates the factors that this Court weighs to determine whether the requisite "exceptional circumstances" warrant dismissal in light of a concurrent state action:

> The Ninth Circuit recognizes the following eight factors to assess the appropriateness of a stay or dismissal under the *Colorado River* doctrine: "(1) which court first assumed any jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rules for a decision on the merits; (6) Whether the state court can adequately protect the rights of the federal litigants; (7) The desire to avoid forum shopping; (8) whether the state proceedings will resolve all of the issues before the federal court."

[Dkt. # 23 at 6, *citing R.R. Street v. Transport Insurance,* 656 F.3d 966, 978 (9th Cir. 2011)].

The Supreme Court has never intimated acceptance of the view that the decision of a party to spurn removal and bring a separate suit in federal court *invariably* warrants the stay or dismissal of the suit under the *Colorado River* doctrine. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 290 (1988) (emphasis added). Nevertheless, it is clear that at least seven of the eight factors favor a stay or dismissal of this second action, and none favors permitting this course.

It is undisputed there are parallel proceedings, and that Evans is intentionally engaging in expensive, time-consuming piecemeal litigation. It is clear that the state court first assumed jurisdiction, and could have handled all claims in one case. This second case is a form of forum shopping (or is an attempt at a second bite at the apple). Because Evans asserts state and federal

claims, the law of both forums applies to different parts of the case, but both cases and all claims are based on the exact same incident and involve the exact same parties, and each case will involve discovery and perhaps a trial into the actual facts of the incident. The jurisdiction of either court is amply broad to handle all claims. The state court could protect the rights of the parties as to all claims, (as could this court). And, for the *res judicata* reasons discussed above, if the state court reaches final judgment before this court, the first-filed case will resolve all of the issues before this court. Furthermore, because the *Colorado River* doctrine is motivated by "wise judicial administration," the duplication of effort by the courts and the parties weighs in favor of a stay. Indeed, Evans has not articulated any factor or reason for permitting him to pursue his claims in this fashion.

There is nothing unusual about his case other than the fact that Evans seeks to split his claims into two lawsuits, for reasons that remain unclear. Courts in this District routinely try cases involving both state law false arrest and claims and federal § 1983 excessive force claims. State courts can also try such cases, if the defendants do not timely remove them based on the presence of federal claims. There was no impediment to Evans asserting all of his claims in the first case.

This Court will not waste its own resources or the parties' in conducting discovery, motion practice, and perhaps a trial over a case that is factually identical to a state court case filed almost 18 months ago.

In an abundance of caution, however, the Court will not yet dismiss this parallel, duplicative action. It will **STAY** this case pending a final judgment in the state court action. The Clerk shall enter an order **STATISTICALLY TERMINATING** the case, and the parties shall keep the court advised as to the progress of the state law litigation, including its resolution.

IT IS SO ORDERED.

Dated this 28th day of November, 2018.

Ronald B. Leighton
United States District Judge