The Honorable Marsha Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS LEE EVANS,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>BRIAN HEIMANN, a Pierce County Deputy Sheriff, in his individual and official capacity and JANE DOE WIFE, and the marital community comprised thereof; BILL FOSTER, a Pierce County Deputy Sheriff, in his individual and official capacity, and JANE DOE WIFE, and the marital community comprised thereof; PETE TURNER, a Pierce County Deputy Sheriff, in his individual and official capacity and JANE DOE WIFE, and the marital community comprised thereof; MARTIN ZURFLUH, a Pierce County Deputy Sheriff, in his individual and official capacity, and JANE DOE WIFE, and the marital community comprised thereof; PAUL PASTOR, Sheriff of Pierce County, in his individual and official capacity, and JANE DOE WIFE, and the marital community comprised thereof; ROB MESKO, Undersheriff of Pierce County, in his individual and official capacity, and JANE DOE WIFE, and the marital community comprised thereof; SEARCH OFFICER NO. 00062, Pierce County Jail Correctional Officer in his individual and official capacity, and JANE DOE WIFE, and the marital community comprised thereof; PROPERTY OFFICER NO. | Case No.: C18-5473 MJP<br><br>PLAINTIFFS' RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING |

PLAINTIFFS' RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING - 1

00061, Pierce County Jail Correctional Officer, in his individual and official capacity, and JANE DOE WIFE, and the marital community comprised thereof; C. COLLINS, Pierce County Jail Correctional Officer, in his individual and official capacity, and JANE DOE WIFE, and the marital community comprised thereof; J. BLIND, Pierce County Jail Correctional Officer, in his individual and official capacity, and JANE DOE WIFE, and the marital community comprised thereof; JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER, in his individual and official capacity, and JANE DOE WIFE, and the marital community comprised thereof; PATTI JACKSON-KIDDER, Chief of Corrections, in her individual and official capacity, and JOHN DOE HUSBAND, and the marital community comprised thereof; BOOKING NURSE JOHN, Jail Medical Staff, in his individual and official capacity, and J. DOE SPOUSE, and the marital community comprised thereof; J. DOE JAIL MEDICAL STAFF, in his/her individual and official capacity, and J. DOE SPOUSE, and the marital community comprised thereof; MIGUEL BALDERRAMA, M.D., Medical Director of the Pierce County Jail in his individual and official capacity, and JANE DOE WIFE, and the marital community comprised thereof; and PIERCE COUNTY, a municipal corporation,

                            Defendants.

## I.     RELIEF REQUESTED

Plaintiff Thomas Lee Evans hereby responds to the Court's request for supplemental briefing and respectfully requests that the Court allow the Plaintiff to prosecute his Title 42 Section 1983 claims for excessive force, arrest without probable cause and his policy practice and custom claims against Defendant Pierce County and its employees Defendants Heiman, Foster, Turner, Zurfluh, and Pastor.

PLAINTIFFS' RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING - 2

## II.     FACTS

In his October 6, 2017 Complaint Plaintiff sued the Pierce County Defendants for violations of Washington State law. This state law torts lawsuit was filed in the Pierce County Superior Court.  Even though there was no federal question anywhere in the Plaintiff's State law torts lawsuit the Pierce County Defendants and their attorneys removed the Plaintiff's case to Federal Court.  The Honorable Judge Ronald Leighton remanded the case back to State court because there was no federal question being litigated in the Plaintiff's state law torts lawsuit. *See Declaration of John Kannin, Exhibit A*.

Later Plaintiff  filed  a Federal Civil lawsuit alleging the Pierce County Defendants violated   Title 42 Section 1983 of the United States Code. There were no allegations of Washington State law in Plaintiff's federal civil rights lawsuit.  Subsequently Judge Leighton Ordered the Federal case stayed until the outcome in the State law case was determined. *See Declaration of John Kannin, Exhibit B*.

On March 12, 2021, the Pierce County Superior Court granted the Pierce County Defendants motion for summary judgment. *See Declaration of John Kannin, Exhibit C*. It was entered in the state court action, when the Pierce County Defendant's Motion for Summary Judgment was granted. This order dismissed the Plaintiff's claims for negligence during Evans' arrest, negligence in delivering medical care to Evans at the Defendants' jail, civil conspiracy, and false arrest. There was no final judgment on the merits. The Court dismissed the Plaintiff's negligence claims because the Plaintiff's jail nurse expert witness did not sign his expert witness report under penalty of perjury. For the Plaintiff's false arrest claim the Defendants' attorney argued, and the state court agreed, that the Plaintiff's claim form for the pre-lawsuit Washington state tort claim notice act was filed sometime after the two-year time deadline for filing it for the false arrest claim. Thus, the Plaintiff's false arrest claim

PLAINTIFFS' RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING - 3

was dismissed and never fully litigated.  There was no final judgment on the merits for Plaintiff's false arrest claim.   There was no excessive force claim for violations of the U.S. Fourth Amendment in the Plaintiff's State law torts lawsuit thus there was no final judgment on the issue of excessive police force.

For discovery the parties exchanged written interrogatories and requests for admission. The Defendants took the Plaintiff's deposition. The Plaintiff did not take the Defendants depositions nor were their representatives' depositions taken.

Plaintiff Evans eventually entered into a settlement agreement with third party defendant  Correct Care Solutions and thereby agreed to dismiss his claims against party defendants Correct Care, Pierce County and their respective employees that were related to insufficient medical care while he was in custody at the Pierce County jail.  The settlement agreement did not resolve Plaintiff's Section 1983 claims for arrest without probable cause, excessive force and unconstitutional policy, practice or custom.

### III.   EVIDENCE RELIED UPON

This response relies upon the attached declarations of Plaintiff 's counsel John J . Kannin IV, with exhibits attached, and all of the records on file in this cause of action.

### IV.   AUTHORITY & ARGUMENT

Federal law, not state law, provides the rules for a decision on the merits for Plaintiff's Title 42 Section 1983 U.S.C. excessive force, arrest without probable cause  and *Monell* claims.  Thus the U.S. District Court has jurisdiction over these alleged Federal law violations. The *Colorado River* doctrine establishes that Federal District Courts have  "virtually unflagging obligation to exercise the jurisdiction given to them." *Colorado River Water Dist. v. United States,* 424 U.S. 800, 817 (1976). Only in rare cases will "the presence of a concurrent state proceeding" permit a stay or dismissal in the "interest of wise judicial administration." *R.R.*

PLAINTIFFS' RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING - 4

*Street v. Transport Insurance,* 656 F.3d 966, 978 (2011)(quoting *Colorado River*, 424 U.S. at 818). The *Colorado River* doctrine has been limited by the Supreme Court, and courts may refrain from deciding an action in damages only in "exceptional" cases, and only the "clearest of justifications" can support a decision to dismiss a case. *Id.*(quoting *Colorado River*, 424 U.S. at 818-19). The Ninth Circuit recognizes the following eight factors to assess the appropriateness of a stay or dismissal under the *Colorado River* doctrine: "(1) which court first assumed any jurisdiction over any property at stake; (2) The inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rules for a decision on the merits; (6) Whether the state court can adequately protect the rights of the federal litigants; (7) The desire to avoid forum shopping; (8) whether the state proceedings will resolve all of the issues before the federal court." *R.R. Street,* 656 F.3d at 978. When applying the eight factors to any case, any doubt as to whether a factor exists should be resolved against a stay or dismissal. *Id.* at 979(quoting *Travelers Indem. Co. v. Madonna,* 914 F.2d 1364, 1369 (9th cir.1990)).

      Analyzing *Evans v. Pierce County et al.* pursuant to the *Colorado River* doctrine's facts (1) there is no property at stake so factor one does not apply. (2) inconvenience of the federal forum does not apply as the Federal District Court routinely hears Federal civil rights cases. (3) The process of two tribunals addressing the same issues in concurrent actions is defined as "piecemeal litigation." *R.R. Street,* 656 F.3d at 979. Here we have two tribunals addressing different issues in consecutive actions. We do not have piecemeal litigation since each tribunal is addressing separate and distinct issues, not the same legal issues twice. Moreover, the stay until the State law claims were resolved further alleviated any concern for piecemeal litigation. (4) The order in which the forums obtained jurisdiction. Plaintiff filed his state law tort claims first, in the Pierce County Superior Court. Next Plaintiff filed his Federal Civil Rights claim in the Federal District Court for the Western District of Washington. The first tribunal finished its

PLAINTIFFS' RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING - 5

work, now it is up to the second tribunal, the Federal District Court for the Western Dist. of Washington to complete its work by providing the forum for Plaintiff Evans to litigate and resolve his Title 42 Section 1983 federal civil rights lawsuit. (5) whether federal law or state law provides the rules for a decision on the merits - Plaintiff Evans's state law complaint asserts purely Washington state common law tort claims against the Defendants and his federal complaint asserts separate and distinct claims for violations of federal law, Title 42 U.S.C § 1983. The State Court provides the rules for a decision on the merits for this state law claims. There was no final judgment on the merits for Plaintiff's false arrest claim. The State Court found that it was time barred. There was no final judgment on the merits for Plaintiff's negligence claim. The State Court found that there was an evidentiary issue in the expert's report and did not consider it because it was not signed as a declaration under penalty of perjury. The plaintiff entered into a settlement agreement and thereby agreed to dismiss his medical negligence and medically related Section 1983 claims against all defendants. (6) Whether the state court can adequately protect the rights of the federal litigants. Plaintiff does not believe that the State Court can adequately protect his rights as well as the Federal District Court can, thus he filed his federal lawsuit in Federal Court. (7) Forum shopping. Here we have two courts addressing different issues in consecutive actions. Each court is addressing separate and distinct issues, not the same legal issues twice. Thus, there is no "forum shopping." (8) whether the state proceedings will resolve all of the issues before the federal court. The state court did not resolve the issues of whether there was probable cause to arrest plaintiff, whether excessive force was used arrest plaintiff and whether Pierce County Sheriff's Department employed an unconstitutional policy, practice or custom with regard to warrantless arrests, and the use of police force.

     All the Plaintiff's title 42, Section 1983 claims were stayed pending the outcome of Plaintiff Evans's state law tort claims in the Pierce County Superior Court. Plaintiff settled his medically

PLAINTIFFS' RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING - 6

related civil rights claims. As a result of that settlement agreement Plaintiff will move for leave to amend his Federal complaint to dismiss these medical claims, and the party defendants related to these claims. Evans now returns to Federal Court to litigate his remaining Federal civil rights claims against Defendant Pierce County and its employees Defendants Heiman, Foster, Turner, Zurfluh, and Pastor

## V. CONCLUSION

For all the reasons set forth above, Plaintiff respectfully requests that the Court allow Plaintiff's remaining federal claims for arrest without probable cause, excessive force and unconstitutional policy, practice or custom, to proceed to conclusion in the Federal District Court.

DATED this 11th day October 2021.

**KANNIN LAW FIRM, P.S.**

s/ John Kannin
John Kannin, WSBA #27315
Attorney for Plaintiff

PLAINTIFFS' RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING - 7