UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS LEE EVANS, | CASE NO. C18-5473 MJP |
| Plaintiff, | ORDER DISMISSING CASE |
| v. | |
| BRIAN HEIMANN, et al., | |
| Defendants. | |

This matter comes before the Court on the Parties' Responses to the Court's Order for Additional Briefing. (<u>See</u> Dkt. Nos. 55, 56, 58, 59.) Having reviewed the briefing and all supporting materials, the Court DISMISSES this action with prejudice consistent with the Court's earlier Order staying this case. (<u>See</u> Order (Dkt. No. 47).)

The Court briefly reviews the facts, which are more completely set forth in the Court's Order staying this case. Plaintiff brought an action in Pierce County Superior Court in which he asserted solely state law claims against Defendants. Defendants removed the case to federal court, and Plaintiff successful obtained a remand to Pierce County. Plaintiff then filed a new

1   lawsuit in federal court against the same defendants concerning the same facts in his first lawsuit.
2   But in his federal action, Plaintiff pursued only federal causes of action. In ruling on Defendants'
3   Motion to Dismiss, the Court found Plaintiff's attempt to separately litigate his federal claims
4   improper and subject not only to res judicata but also the Colorado River doctrine. The Court
5   noted that "[i]t is clear that if the state court action was final (in either parties' favor), that
6   judgment would have preclusive effect here (and vice versa)." (Order at 4.) And the Court
7   explained that "[o]nce one of the cases becomes final, the second one is duplicative and subject
8   to dismissal." (Order at 5.) Rather than dismiss the case, the Court stayed this federal action
9   pending the results of the state action. Plaintiff's action in Pierce County Superior Court has now
10  been dismissed with prejudice through an order granting summary judgment in Defendants'
11  favor.
12          Given the final disposition of Plaintiff's state action, the doctrine of res judicata applies
13  to this case and requires its dismissal. There are three elements of res judicata: (1) identity of
14  claims; (2) final judgment on the merits; and (3) identity or privity between parties. Frank v.
15  United Airlines, Inc., 216 F.3d 845, 850, n.4 (9th Cir. 2000); Thompson v. King Co., 163 Wn.
16  App. 184 (2011). Plaintiff does not seriously contest that the summary judgment entered in
17  Defendants' favor is not a final adjudication on the merits. Nor could he reasonably pursue such
18  an argument since "[a] grant of summary judgment at a prior proceeding is considered a final
19  judgment on the merits." Emeson v. Dep't of Corr., 194 Wn. App. 617, 626 (2016). Instead,
20  Plaintiff suggests that because his state law false arrest claim was dismissed as untimely, there
21  was never a final adjudication on the merits of that claim and res judicata should not apply to his
22  related federal claim. (See Dkt. No. 59 at 5.) This argument is flawed. "The Supreme Court has
23  unambiguously stated that a dismissal on statute of limitations grounds is a judgment on the
24

merits." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency, 322 F.3d 1064, 1081 (9th Cir. 2003) (citing Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995)). The same is true under Washington law. See Campbell v. Fernandez, 14 Wn. App. 2d 769, 777 n.4 (2020) (adopting the Ninth Circuit's conclusion that "for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits" (citing In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999)). As such, there has been a final judgment on the merits of all of Plaintiff's state law claims and the federal claims he pursues before this Court are barred by res judicata. The Court therefore DISMISSES this action with prejudice consistent with the Order staying this case.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 11, 2022.

Marsha J. Pechman
United States Senior District Judge